# In the United States Court of Federal Claims

No. 21-1823 C
(Filed: December 21, 2021)

```
* * * * * * * * * * * * * * * * * *  *
                                      *
CACI, INC.-FEDERAL,                   *
                                      *
             Plaintiff,               *
                                      *
      v.                              *
                                      *
THE UNITED STATES,                    *
                                      *
             Defendant,                *
                                      *
                                      *
GENERAL DYNAMICS MISSION              *
SYSTEMS, INC. AND                     *
SIERRA NEVADA CORPORATION,            *
                                      *
             Defendant-Intervenors.   *
                                      *
* * * * * * * * * * * * * * * * * *  *
```

**ORDER**

     On September 8, 2021, Plaintiff filed a bid protest alleging that the government improperly awarded contracts to supply the U.S. Army with an encryption device known as the Next Generation Load Device Medium. Plaintiff filed a Motion for Judgment on the Administrative Record (MJAR) on October 18, 2021, following the government's filing of the Administrative Record on September 29, 2021. In the middle of briefing on cross-motions for judgment on the administrative record, and after Defendant-Intervenor SNC filed a motion to dismiss, Plaintiff filed an Amended Complaint on November 3, 2021. This filing violated Rule 15 of the Rules of the Court of Federal Claims (RCFC).

     Under Rule 15(a), a party "may amend its pleadings once as a matter of course" either "21 days after service of the pleading" or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under RCFC 12(b), (e), or (f), whichever is earlier." RCFC 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." RCFC 15(a)(2).

     Plaintiff could have filed an amended complaint "as a matter of course" on or before September 29, 2021 ("21 days after service of the pleading."). RCFC 15(a)(1)(A). Plaintiff's

1

amended complaint, however, was filed on November 3, 2021, 56 days after service of its initial complaint. Because Plaintiff's complaint did not require a responsive pleading, RCFC 52.1(c)(3), in order to file an amended complaint after September 29, 2021, Plaintiff was required to have either "the opposing party's written consent or the court's leave." RCFC 15(a)(2). It had neither. What is more, it apparently did not seek Defendants' consent, nor did it request leave of the Court to file the amended complaint.

Although RCFC 15(a)(2) states that "[t]he court should freely give leave when justice so requires," Plaintiff must at the very least seek leave in order for the Court to grant it. In addition, the extended time Plaintiff took to file its amended complaint is unreasonable in context of the compressed briefing and argument schedule in this case. Despite having access to the administrative record beginning on September 29, 2021, ECF No. 33, Plaintiff still waited until November 3, two days before the defendants' cross-motions were due, to file its amended complaint. Furthermore, the Court is skeptical of Plaintiff's standing to raise the additional claim (that SNC has an organizational conflict of interest) that apparently precipitated the filing of its amended complaint. *Marchena v. United States*, 128 Fed. Cl. 326, 330 (2016), *aff'd*, 702 F. App'x 988 (Fed. Cir. 2017) ("A proposed amendment is futile if it would not survive a motion to dismiss.").

Accordingly, the Clerk is directed to **STRIKE** Plaintiff's amended complaint, ECF No. 47, from the docket.

**IT IS SO ORDERED.**

        s/ Zachary N. Somers
        Zachary N. Somers
        Judge